No. 10,374.

ASHCRAFT, ET AL. v. TUCKER.

Decided May 7, 1923.   Rehearing denied June 4, 1923.

Action for conversion of wheat.   Judgment for plaintiff.

*Affirmed in Part and Reversed in Part.*

1.  MASTER AND SERVANT—*Liability of Servant.*   A servant who innocently obeys the orders of his master without knowledge that his act is wrongful, is not liable to the person injured.

*Error to the District Court of the City and County of Denver, Hon. Warren A. Haggott, Judge.*

Mr. BERT MARTIN, for plaintiffs in error.

Messrs. DEWEESE, WHEELER & OGLE, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THE defendant in error was plaintiff in an action against the plaintiffs in error for the conversion of a quantity of wheat alleged to have been stored with them.   He had judgment for the value of the wheat, and the defendants were committed to jail for ninety days, unless the said judgment were paid.

The parties will be designated here as in the court below.

Defendant Audie Ashcraft filed an answer containing a general denial, and a so-called separate defense in which he set up that he was a mere employe of Stanley B. Ashcraft, who was doing business under the name and style of The Stanley B. Ashcraft Grain Company.

The wheat in question was stored in an elevator at Merino, Colorado, owned by Stanley B. Ashcraft, of which

Audie Ashcraft was in charge as the servant of Stanley B. Ashcraft. That Audie Ashcraft was a mere employe of his brother Stanley, and not interested in the business, was testified to by both brothers, and contradicted by no one; yet the court instructed the jury that, "the defendants in their answer and by their testimony admitted that they received the wheat in question." This statement is twice repeated in the instructions, and the jury was told that if Audie Ashcraft "upon the advice or order of Stanley B. Ashcraft delivered the said wheat to some other person than William L. Tucker, the plaintiff, then your verdict should be for the plaintiff."

Audie Ashcraft, by his answer, denied the receipt of any wheat, and as above stated, the uncontradicted evidence shows that he was a mere employe of his brother. Under that state of the evidence, he could not be made responsible for a conversion of the wheat unless it be proved that he was a party to its conversion, and a wrongdoer. The instruction mentioned made him liable for a delivery of the wheat to any one other than the plaintiff, even though he had no knowledge that the wheat was wrongfully delivered. This is contrary to the well settled law. A servant who innocently obeys the orders of his master, without knowledge that his act is wrongful, is not liable to the person injured. 26 Cyc. 1544.

In *Leuthold v. Fairchild*, 35 Minn. 99, 27 N. W. 503, 28 N. W. 218, it is said: "An agent or servant who, acting solely for his principal or master, and by his direction, and without knowing of any wrong, or being guilty of gross negligence, in not knowing of it, disposes of, or assists the master in disposing of, property which the latter has no right to dispose of, is not thereby rendered liable for a conversion of the property."

In *Silver v. Martin*, 59 N. H. 580, it is said: "Unless the plaintiff can show facts making the defendant a party to the wrong, by act or knowledge, there must be judgment for the defendant."

This was a case in conversion wherein the attempt was to charge a servant.

In 26 Cyc., page 1544, in discussing the personal liability of a servant for his acts, it is said: "No action can be maintained against a servant unless he can be considered a wrongdoer."

This question, upon which the right to recover against Audie Ashcraft turns, was withdrawn from the jury by at least three instructions which, in effect, advised them that if the wheat was shipped by the servant, he was guilty of conversion.

There was a conflict of evidence as to the contract upon which the wheat was stored, and it does not appear in the evidence by whose order or when, the wheat was shipped out, although it does appear that it was loaded out while Audie Ashcraft was in charge of the elevator. To hold him responsible, it was a part of the plaintiff's case to show that in shipping out the wheat, though obeying the direction of his brother, he knew that it was without authority of the owner, and was in effect a conversion. In the absence of any such evidence there is nothing upon which the judgment against Audie Ashcraft can be supported. The fact that a body judgment was authorized, renders it the more necessary that the verdict be sustained by substantial evidence.

The record discloses other grounds upon which error might reasonably have been predicated, but as plaintiffs in error have not availed themselves of those grounds, they will not be considered.

None of the errors assigned as to Stanley B. Ashcraft can be regarded as established, and the judgment as to him is affirmed. The judgment as to Audie Ashcraft is reversed.

MR. JUSTICE WHITFORD sitting for MR. JUSTICE CAMPBELL, and MR. JUSTICE SHEAFOR concur.